Timothy J. Conway, WSBA 52204
 Direct Dial: 503.802.2027
 E-Mail: tim.conway@tonkon.com
Ava L. Schoen, Admitted Pro Hac Vice
 Direct Dial: 503.802.2143
 Email: ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Facsimile: 503.274.8779

*Attorneys for Plaintiff*

HON. WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>EASTERDAY RANCHES, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 21-00141-WLH11 |
| BC 140, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CANYON FARM, LLC,<br><br>Defendant. | Adv. Pro No. _____<br><br>**COMPLAINT TO AVOID FRAUDULENT TRANSFER** |

BC 140, LLC ("Plaintiff") hereby submits this Complaint and in support thereof respectfully states as follows:

1. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 548 and 550, and RCW §§ 19.40.041 and 19.40.051 to avoid and recover a fraudulent transfer.

COMPLAINT TO AVOID FRAUDULENT TRANSFER - Page 1

## PARTIES

2. Plaintiff is a Washington limited liability company.

3. Defendant Canyon Farm, LLC ("Defendant") is Delaware limited liability company.

## JURISDICTION AND VENUE

4. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

6. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Bankruptcy Rule 7008, Plaintiff submits to entry of final orders or judgment by this court in this adversary proceeding.

## BACKGROUND

8. Easterday Ranches ("Debtor") filed for bankruptcy protection on February 1, 2021 (the "Petition Date").

9. Debtor's Third Modified Third Amended Joint Chapter 11 Plan of Liquidation was confirmed pursuant to a court order entered on July 22, 2022 (the "Plan").

10. The effective date of the Plan occurred on August 1, 2022.

11. Pursuant to Sections 1.24 and 5.2.8 of the Plan, upon the effective date of the Plan, Debtor assigned any causes of action of the Debtor or its estate against Defendant and any of its affiliates, parents, subsidiaries, successors, and assigns (the "Canyon Farm Avoidance Actions") to Karen Easterday or her designee. Karen Easterday's designee is Plaintiff.

COMPLAINT TO AVOID FRAUDULENT TRANSFER - Page 2

12. On or about August 1, 2022, Debtor and Plaintiff entered into an Assignment of Claims pursuant to which Debtor assigned the Canyon Farm Avoidance Actions to Plaintiff.

13. On or about January 22, 2021, approximately one week before the Petition Date, Debtor transferred to Defendant $3,512,926.24 (the "Transfer" or "Transferred Funds").

14. The Transferred Funds were transferred to Defendant on a single day via intermediate transfers through Easterday Farms and Easterday Dairy, LLC with Debtor's express intent that the funds be transferred to and for the benefit of Defendant.

## COUNT I
## AVOID AND RECOVER FRAUDULENT TRANSFER
## UNDER 11 U.S.C. §§ 548(A)(1)(A) AND 550(A)

15. Plaintiff restates and incorporates the allegations of paragraphs 1 through 14 above.

16. The payment of the Transfer constituted a transfer under 11 U.S.C. § 101(54)(D) and 11 U.S.C. § 548(1)(A).

17. Defendant was the initial transferee or the entity for whose benefit the Transfer was made.

18. Debtor made the Transfer to Defendant with actual intent to hinder, delay, or defraud creditors to whom Debtor was indebted or became indebted on or after the date of the Transfer.

19. Plaintiff is entitled to a judgment against Defendant avoiding the Transfer under 11 U.S.C. § 548(a)(1)(A) and recovering such Transfer under 11 U.S.C. § 550(a).

COMPLAINT TO AVOID FRAUDULENT TRANSFER - Page 3

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

20. Easterday Farms was a mere conduit of the Transfer. Alternatively, to the extent Easterday Farms was an initial transferee, the Transfer to Easterday Farms is avoidable because Debtor made the Transfer with actual intent to hinder, delay, or defraud creditors to whom Debtor was indebted or became indebted on or after the date of the Transfer. Plaintiff is entitled to a judgment against Defendant -- the ultimate transferee -- avoiding the Transfer under 11 U.S.C. § 548(a)(1)(A) and recovering such Transfer under 11 U.S.C. § 550(a).

21. Easterday Dairy, LLC was a mere conduit of the Transfer. Alternatively, to the extent Easterday Dairy, LLC was an initial, subsequent, immediate, or mediate transferee, the Transfer to Easterday Dairy, LLC is avoidable because Debtor made the Transfer with actual intent to hinder, delay, or defraud creditors to whom Debtor was indebted or became indebted on or after the date of the Transfer. Plaintiff is entitled to a judgment against Defendant -- the ultimate transferee -- avoiding the Transfer under 11 U.S.C. § 548(a)(1)(A) and recovering such Transfer under 11 U.S.C. § 550(a).

## COUNT II
## AVOID AND RECOVER FRAUDULENT TRANSFER
## UNDER 11 U.S.C. §§ 548(A)(1)(B) AND 550(A)

22. Plaintiff restates and incorporates the allegations of paragraphs 1 through 21 above.

23. The payment of the Transfer constituted a transfer under 11 U.S.C. § 101(54)(D) and 11 U.S.C. § 548(a)(1)(B).

24. Defendant was the initial transferee or entity for whose benefit the Transfer was made.

COMPLAINT TO AVOID FRAUDULENT TRANSFER - Page 4

25. Debtor received less than reasonably equivalent value from Defendant in exchange for the Transfer and, in fact, Debtor received no value from Defendant in exchange for the Transfer.

26. Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer, or was engaged in business for which any property remaining after the Transfer was unreasonably small capital.

27. Plaintiff is entitled to a judgment against Defendant avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B) and recovering such Transfer under 11 U.S.C. § 550(a).

28. Easterday Farms was a mere conduit of the Transfer. Alternatively, to the extent Easterday Farms was an initial transferee, the Transfer to Easterday Farms is avoidable because (i) Debtor received no value from Easterday Farms in exchange for the Transfer and (ii) Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer, or was engaged in business for which any property remaining after the Transfer was unreasonably small capital. Plaintiff is entitled to a judgment against Defendant -- the ultimate transferee -- avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B) and recovering such Transfer under 11 U.S.C. § 550(a).

29. Easterday Dairy, LLC was a mere conduit of the Transfer. Alternatively, to the extent Easterday Dairy, LLC was an initial, subsequent, immediate, or mediate transferee, the Transfer to Easterday Dairy, LLC is avoidable because (i) Debtor received no value from Easterday Dairy, LLC in exchange for the Transfer and (ii) Debtor was insolvent on the date the Transfer was made or became insolvent as a result of the Transfer, or was engaged in business for which any property remaining after the Transfer was unreasonably small capital. Plaintiff is entitled to a judgment against Defendant -- the

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

ultimate transferee -- avoiding the Transfer under 11 U.S.C. § 548(a)(1)(B) and recovering such Transfer under 11 U.S.C. § 550(a).

## COUNT III
## AVOID AND RECOVER FRAUDULENT TRANSFER
## UNDER RCW §§ 19.40.041(1) AND 19.40.071

30. Plaintiff restates and incorporates the allegations of paragraphs 1 through 29 above.

31. The payment of the Transfer constituted a transfer under RCW § 19.40.041(1) and other applicable sections of RCW.

32. Debtor made the Transfer with the actual intent to hinder, delay, or defraud Debtor's creditors.

33. Debtor made the Transfer without receiving reasonably equivalent value in exchange for the Transfer.

34. Debtor was engaged in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business or Debtor intended to incur, or believed or reasonably should have believed that Debtor would incur debts beyond Debtor's ability to pay as they became due.

## COUNT IV
## AVOID AND RECOVER FRAUDULENT TRANSFER
## UNDER RCW §§ 19.40.051(1) AND 19.40.071

35. Plaintiff restates and incorporates the allegations of paragraphs 1 through 34 above.

36. The payment of the Transfer constituted a transfer under RCW § 19.40.051(1) and other applicable sections of RCW.

37. Debtor made the Transfer without receiving reasonably equivalent value in exchange for the Transfer.

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

38. Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

**PRAYER FOR RELIEF**

**WHEREFORE**, by reason of the foregoing, BC 140, LLC respectfully prays for Judgment as follows:

A. On Count I, avoiding and recovering the Transfer, plus applicable prejudgment interest, from Defendant;

B. On Count II, avoiding and recovering the Transfer, plus applicable prejudgment interest, from Defendant;

C. On Count III, avoiding and recovering the Transfer, plus applicable prejudgment interest, from Defendant;

D. On Count IV, avoiding and recovering the Transfer, plus applicable prejudgment interest, from Defendant;

E. Its reasonable attorney fees, costs, and expenses incurred in this action; and

F. For such other and further relief as the court deems just, proper, and equitable.

Dated: January 31, 2023.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, WSBA No. 52204
Ava L. Schoen, admitted Pro Hac Vice
*Attorneys for Plaintiff*

042047\00001\14428370v2

COMPLAINT TO AVOID FRAUDULENT TRANSFER - Page 7